951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory ROACHE, Defendant-Appellant.
 No. 90-2106.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 1
 Before SEYMOUR and BRORBY, Circuit Judges, and CARRIGAN,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 Gregory Roache was convicted of interstate transportation of stolen property in violation of 18 U.S.C. § 2314, and of selling stolen goods in violation of 18 U.S.C. § 2315. His conviction was affirmed on appeal. He subsequently filed a motion for new trial, contending that newly discovered evidence establishes that FBI agent George Black committed perjury at trial. The district court denied his motion without an evidentiary hearing. We affirm.
 
 
 4
 The alleged perjury arose out of the cross-examination of Agent Black in which he was asked whether he had attempted to ascertain the existence of a "Hector and Joe," the two people from whom Mr. Roache had said he purchased the stolen property. The cross-examination was as follows:
 
 
 5
 Q: Did you mention it to any of the people who were out there working with the Chevron Resources Company doing work out there with the ore?
 
 
 6
 A: Yes, I had--I asked another agent to contact all the people who had been working there on the site for Chevron Resources, and he could not find anybody who knew Hector or Joe.
 
 
 7
 Mr. Roache found out after trial that no agent had asked the people interviewed at Chevron if they knew of a Hector or Joe in the vicinity. It is on this basis that he contends Agent Black committed perjury.
 
 
 8
 We have carefully considered Mr. Roache's argument, but we are persuaded as a matter of law that the statement of Agent Black that the agent he asked to question the Chevron people "could not find anybody who knew Hector or Joe" does not constitute a prima facie case of perjury on the part of Agent Black because he was not the declarant. At most, the alleged perjury is arguably on the part of the other agent that Agent Black requested to do the interview.[1] Mr. Roache has not even charged Agent Black with knowledge that the statement was untrue. In these circumstances, we believe this alleged vicarious perjury is insufficient to require the district court to conduct an evidentiary hearing.
 
 
 9
 We are convinced the district court did not abuse its discretion in denying the motion for new trial. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Jim R. Carrigan, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Roache did not object to Agent Black's hearsay statements. Had he done so, the statements could have been admitted only for the fact that Agent Black had been informed of the other agent's investigation. Only the other agent could have been questioned as to the truth of his representations to Agent Black, and he was not presented as a witness at trial